## BOYLE v. FITZGERALD.

(Supreme Court, Appellate Division, First Department. November 3, 1911.)

1. MUNICIPAL CORPORATIONS (§ 187*)—MUTUAL BENEFIT INSURANCE—RIGHT TO PROCEEDS—"BENEFICIARY."

Where the by-laws of a police benefit association, as they stood at the time decedent became a member, gave his sister, whom he had designated as beneficiary, no right as against the association on his death within 18 months after becoming a member, but in the meantime the by-laws were amended by a provision that, if a member in good standing for 1 month or over were killed in the discharge of his duty, his "beneficiary" might receive the benefits, but that no one should receive such benefits excepting the wife, child, father, or mother of the member, and on the death of the member 11 months after joining the association the association paid the benefit into court, his sister was not entitled to the benefit as against his widow; the term "beneficiary," as used in the amendment, including not only the beneficiary designated by the member, but also a beneficiary specified in the by-laws.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 518–521; Dec. Dig. § 187.*

For other definitions, see Words and Phrases, vol. 1, p. 7501.]

2. MUNICIPAL CORPORATIONS (§ 187*)—MUTUAL BENEFIT INSURANCE—RIGHT TO PROCEEDS.

Under a by-law of a police benefit association providing that, if a member in good standing for one month or over were killed in the discharge of his duty, his beneficiary might receive the benefits, but that no one should receive such benefits except the wife, child, father, or mother of the member, and the president of the association, on receiving notice of such death, should appoint a committee to investigate the death and the circumstances of the family, and see if they are dependent on him for a living, and that on the committee's report the claim should be paid or not paid, it is immaterial to the right of a sister of a deceased member, named by him as beneficiary, to the benefit fund paid into court by the association, as against his widow, whether the association investigated the financial circumstances of the widow, or waived its right to do so.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 187.*]

3. MUNICIPAL CORPORATIONS (§ 187*)—MUTUAL BENEFITS—PAYMENT INTO COURT—EFFECT.

The action of a police benefit association in paying into court the amount of a benefit is not an admission of willingness to pay the money to a particular claimant, nor a recognition of her claim, but merely indicates its willingness to pay the fund to the person entitled to receive it.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 518–521; Dec. Dig. § 187.*]

Appeal from Special Term, New York County.

Action by Margaret Boyle against Catherine Fitzgerald. From a judgment for plaintiff, defendant appeals. Reversed, and judgment ordered for defendant.

Argued before INGRAHAM, P. J., and CLARKE, McLAUGHLIN, LAUGHLIN, and MILLER, JJ.

John Ewen, for appellant.
Adolphus D. Pape, for respondent.

LAUGHLIN, J. The action was originally brought against the Brooklyn Police Endowment Fund Association on a beneficiary certificate issued on the 1st day of February, 1907, to Robert J. Fitzgerald, since deceased, but then a member of the police department of the city of New York, who on the 25th day of January, 1907, executed a certificate in writing designating the plaintiff, his sister, as the beneficiary to receive all benefits due to him as a member of the Brooklyn Police Endowment Fund Association, in the event of his death while a member of said association. The original defendant made a motion for leave to pay the fund into court, and to interplead the appellant as defendant in its stead. The motion was granted, and the money was thereafter paid into court.

The certificate issued by the association does not name the beneficiary. It merely certifies that the decedent was a member of the association and entitled to the benefits provided in the by-laws thereof, upon the surrender of the certificate, "in the event of his resignation, death, retirement, or dismissal from the Brooklyn police force." The decedent was killed while a member of said association in good standing, and while in the discharge of duty as a member of the police department, on the 10th day of January, 1908, having been a member of said association only for about 11 months. The appellant is the widow of the decedent, and she claims the fund in that right. At the time the decedent became a member of said association, its by-laws provided in effect that it should not be liable to pay a beneficiary fund unless the member, at the time of his death, retirement, resignation, or dismissal from the department, shall have been a member of the association for 18 months; and if the provisions of the by-laws had remained the same at the time of the member's death, it is quite clear that plaintiff would have no standing to assert a claim *against the association.* The by-laws of the association, at the time the decedent joined it, provided that, where a beneficiary fund was payable, it should be collected from the members of the association by a per capita assessment, and that it should be paid "to the member for whom the collection was made, or the person designated to receive the same, taking his receipt therefor, when his membership and connection with the association shall be terminated forever." It was provided that, on the *resignation, dismissal,* or *retirement* of the member from the police force, he should return his certificate of membership, indorsed by the treasurer to whom he paid the last contribution, "or execute the proper power of attorney, with the certificate of membership attached," and likewise so indorsed, "authorizing the payment of the

endowment to the person designated therein," and further provided in the paragraph following these provisions that:

"In the event of the death of a member the president shall pay the same to his widow, next of kin or person designated to receive the same, upon returning the certificate indorsed as above."

The by-laws, so far as introduced in evidence, did not require that the member designate a beneficiary, and it is conceded that there was no provision of the by-laws with respect thereto, other than those introduced in evidence. It is evident that the by-laws contemplated that, in the event that the benficiary fund became payable otherwise than by the *death* of the member, it should be paid to him, or to some one designated by him by an indorsement in or on the certificate, which was to be returned before the association would be obliged to make an assessment to raise the fund.

In January, 1908, the by-laws were amended by inserting, after the provisions of the by-law limiting the liability of the association to cases in which the member remained a member for 18 months, the following provisions, to wit:

"Also any member of the police department who is a member of this association in good standing for one month or over and killed in the discharge of his duty, his beneficiary may receive the benefits provided for in this article the same as if he had been a member of this association for eighteen months or over. But no one shall receive such benefits only wife, child, father or mother, and the president of this association, upon receiving notice of such death, shall appoint a committee of not less than three delegates of this association to investigate such death and the circumstances of such family and see if they are dependent on him for a living. Upon above committee's report claim shall be paid or not paid."

[1] It will be observed that this amendment conferred no right on the plaintiff *as against the association*. It is, however, claimed by the plaintiff that, since the association saw fit to voluntarily pay the beneficiary fund, she is entitled thereto as *against the appellant*. We do not agree with this contention. The phraseology of the amendment to the by-law indicates quite clearly that the association intended thereby to make provision for *a wife, child, father or mother* of a deceased member who died after being a member of the association in good standing for 1 month or more, and who was killed in the discharge of his duty before he had been a member for 18 months. It being conceded that the designation of a beneficiary was not compulsory, it is manifest from the provisions of the by-laws herein quoted, which it is conceded are the only material provisions upon which the question depends, that if the member failed to designate a beneficiary and he left a widow she would take the beneficiary fund. The word "beneficiary," therefore, as used in the amendment to the by-law, must be construed as embracing, not only a beneficiary designated by certificate as was the plaintiff, but also a beneficiary specified in the by-laws. It cannot be successfully maintained, therefore, that a wife, as such, who is not designated by certificate of the member as a beneficiary, has no right in any event. There exists, by virtue of the provisions of the by-laws and of her position as wife of a member, a contract obligation on the part of the association to pay to her any

beneficiary fund which it is liable to pay on account of the death of the member, in the event at least—and it is not necessary to decide whether or not she would have any right as against a beneficiary designated by certificate who would otherwise be entitled to take as against the association—that he has designated no other beneficiary; and we think it equally clear that the right is conferred upon her, by the amendment to the by-laws, to receive any beneficiary fund which the association sees fit to pay in the event of the death of the member after being a member for 1 month and less than 18 months. The purpose of the amendment evidently was to provide for a dependent wife or relative of the class· specified, and to that end it was provided that the circumstances of such wife or relative should be inquired into by a committee of the association, and that the claim should be paid or declined according to the report of such committee.

[2] It is immaterial to inquire here whether the association investigated the financial circumstances of the appellant, or waived its right so to do. That was a matter which concerned the association and its members only; and if it saw fit to waive those provisions, and its members acquiesced therein, it is no concern of the plaintiff's.

[3] The action of the association in paying the money into court is not an admission of willingness upon its part to pay the money to plaintiff or a recognition of her claim, and has no material bearing upon the point to be decided, for the association was under no obligation to defend the right of the defendant appellant. Such action merely indicates that the association was willing to pay the beneficiary fund, under the amended by-law, to the person entitled to receive the same, as on a voluntary payment thereof by the association on account of the death of a member who had been such more than 1 month and less than 18 months. The plaintiff, being neither the wife, nor the child, nor the father, nor the mother of the decedent, was precluded from taking the fund, and the situation was precisely the same as if there had been no designation of a beneficiary as to this fund, in which event it is conceded the wife would be entitled to take it.

It follows, therefore, that the judgment should be reversed, with costs to appellant; and as the material facts are not controverted, and cannot be changed upon a new trial, judgment is ordered for the defendant, with costs. All concur.